# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ASAD NASIR, UKP SOLUTIONS, LLC, )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>DOUGLAS FISCHER, VALERIE )<br>FISCHER, IMAGING 100 LLC, IMAGING )<br>ACQUISITIONS, LLC, SOURCE, INC., and )<br>THE SUMMER GROUP, )<br>)<br>Defendants. ) | Case No. 11-CV-0700-CVE-PJC |

## OPINION AND ORDER

Now before the Court is Plaintiffs' Motion for Attorney Fees and Brief in Support (Dkt. # 25). Plaintiffs previously filed a motion for default judgment and request for hearing regarding damages (Dkt. # 19). The Court granted the motion for a hearing and stated that default judgment would be entered after the hearing.

## I.

The Court held an evidentiary hearing on June 27, 2012 at which plaintiff Asad Nasir, M.D., testified.[1] Based on the pleadings and the evidence admitted at the hearing, the Court makes the following findings: On February 9, 2011, Nasir entered into a contract with defendant Imaging 100 LLC, signed by defendant Douglas Fischer, president and CEO, pursuant to which Imaging 100 LLC was to sell Nasir a 2004 mobile PET scanner with trailer for a total purchase price of $600,000. Dkt. # 24-2 at 47-49. Nasir made a $50,000 deposit which, pursuant to the contract, "was refundable if

---

[1] Both Nasir and UKP Solutions, LLC are plaintiffs in this matter. However, the contract at issue was entered into by Nasir and the down payment was made by Nasir, who is the sole proprietor of UKP Solutions, LLC.

seller fails to deliver the above system as stated . . . ." Id. at 47.  Imaging 100 LLC failed to deliver the scanner and trailer to Nasir.  On June 13, 2011, Douglas Fischer informed Nasir, via e-mail, that Nasir's "deposit was forfeited . . . [and] I have decided not to provide you with our services in the future."  Id. at 50.  To date, Douglas Fischer has not provided Nasir with the equipment he contracted to sell, nor has he refunded Nasir's $50,000 deposit.

On November 9, 2011, plaintiffs Asad Nasir and UKP Solutions LLP filed a complaint (Dkt. # 1) against Douglas Fischer, Valerie Fischer, Imaging 100 LLC, Imaging Acquisitions, LLC, Source, Inc., and The Summer Group alleging breach of contract, fraud and deceit, constructive fraud, unjust enrichment, and intentional interference with economic prospective.  The complaint alleges that the three corporate defendants are "alter-egos" used by the Fischers.  Dkt. # 1 at 4.  Based on the testimony and documents submitted as evidence at the June 27 hearing, the Court finds that each defendant is a proper defendant in this case.

The Court Clerk entered the default of the defendants on January 23, 2012.  Dkt. # 16.  On May 17, 2012, this Court found that service was obtained on all defendants and that defendants failed to answer or otherwise respond to the complaint.  Dkt. # 20.  Plaintiffs seek $50,000 in compensatory damages as well as $487,970 in lost profits due to the plaintiff's failure to procure a PET scanner, and attorney fees.  Dkt. # 19 at 2.

**II.**

Pursuant to Fed. R. Civ. P. 55(a), default judgment is appropriate when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise . . . ."  After the entry of default judgment, a court can not review the merits of the plaintiff's claims, but can order a hearing on damages.  Olcott v. Delaware

Flood Co., 327 F.3d 1115, 1125 n.1 (10th Cir. 2003). If the complaint sets forth a sum certain, the court can enter default judgment for the amount of damages requested in the complaint without holding an evidentiary hearing. KPS & Assoc., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 18 (1st Cir. 2003); Dundee Cement Co. v. Howard Pipe & Concrete Products., Inc., 722 F.2d 1319, 1323-24 (7th Cir. 1983). When a default judgment has been entered on claim for an uncertain amount of damages, all facts stated in the complaint are taken as true except for the factual allegations related to damages. American Red Cross v. Cmty. Blood Ctr. of the Ozarks, 257 F.3d 859, 864 (8th Cir. 2001). A hearing on damages will be required unless the "amount claimed is a liquidated sum or one capable of mathematical calculation." United Artists Corp. v. Freeman, 605 F.2d 854, 857 (11th Cir. 1979).

### III.

Based on the record in this case, the Court finds that default judgment is appropriate against all defendants in favor of plaintiffs. Pursuant to the Oklahoma Commercial Code, when a seller fails to make delivery of goods or repudiates a contract:

> the buyer may cancel and whether or not he has done so may in addition to recovering so much of the price as has been paid
>
> (a) "cover" and have damages under the next section as to all the goods affected whether or not they have been identified to the contract; or
>
> (b) recover damages for nondelivery as provided in this article (Section 2-713).

OKLA. STAT. tit. 12A, § 2-711. Based on this provision, Nasir is entitled to a judgment against defendants for the $50,000 down payment that he made for the purchase of the equipment.

In addition, section 2-713 allows for the recovery of "incidental and consequential damages." OKLA. STAT. tit. 12A, § 2-713. Consequential damages are recoverable for "any loss resulting from

3

general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise." OKLA. STAT. tit. 12A, § 2-715.

Pursuant to these sections, Nasir seeks default judgment in the amount of $487,970 for lost profits that resulted from his failure to receive the PET scanner and trailer. Nasir testified that the PET scanner and trailer was required for a new nuclear radiology business venture that he was establishing. He submitted a spreadsheet that shows the estimated profits and expenses that would have been incurred by this venture over its first year in business. Dkt. # 24-2 at 52. Nasir stated that he is certain that he would have been able to conduct an average of five to seven scans per day. However, in an effort to make a reasonable and conservative estimate of his lost profits, the spreadsheet accounts for only two scans per day. Presuming two scans per day for a twenty-one day working month, the spreadsheet shows that the total revenue, minus expenses and taxes, for twelve months would have been $487,970. Id. Nasir further testified that he calculated the lost profits over one year because that is the amount of time it has taken him to locate another scanner and to rebuild the capital needed make the purchase.

As noted above, Oklahoma law allows recovery of consequential damages when the seller knew of the buyer's needs and the damages could not reasonably have been prevented. The Court finds that, in this case, defendants knew of Nasir's need for the scanner and that Nasir could not have prevented these damages by purchasing another machine both because he was without his down payment and because the used machines are difficult to locate.

Oklahoma law allows for the recovery of anticipated lost profits if the loss is "capable of reasonably accurate measurement or estimate." Digital Design Group, Inc. v. Info. Builders, Inc.,

24 P.3d 834, 844 (Okla. 2001); Florafax Int'l, Inc. v. GTE Mkt. Res., Inc., 933 P.2d 282, 292 (Okla. 1997); see also OKLA. STAT. tit. 23, § 21 ("No damages can be recovered for a breach of contract, which are not clearly ascertainable in both their nature and origin."). The court in Florafax additionally explained that a plaintiff satisfies this burden by demonstrating with "sufficient certainty that reasonable minds might believe from a preponderance of the evidence that such damages were actually suffered." 933 P.2d at 296. Where lost profits are sought for a new business, they are recoverable where plaintiff can demonstrate a "reasonably accurate measurement or estimate." Specialty Beverages, L.L.C. v. Pabst Brewing Co., 537 F.3d 1165, 1178 (10th Cir. 2008) (citing Oklahoma law). The Court finds Nasir's testimony credible and finds that he has reasonably estimated his lost profits with sufficient certainty that reasonable minds can believe from a preponderance of the evidence that such damages were actually suffered. Thus, Nasir is entitled to a default judgment in the amount of $487,970 for lost profits.

Finally, plaintiffs seek an award of attorney fees. Oklahoma, like most states, follows the American Rule that each party is responsible for its own litigation costs and expenses including attorney fees. See generally Alyeska Pipeline Serv. Co. v. Wilderness Soc'y, 421 U.S. 240, 247 (1975) (holding American Rule governed absent specific statutory authorization for awarding attorney fees to prevailing party); Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 650 (Okla. 1991) ("The American Rule is firmly established in this jurisdiction.").

Plaintiffs argue that they are entitled to attorney fees pursuant to Oklahoma statute, which provides:

> In any civil action to recover for labor or services rendered, or on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, unless otherwise provided by law or the contract which is the subject of the action, the prevailing

party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

OKLA. STAT. tit. 12, § 936(A). Plaintiffs argue that because this action seeks to recover on a contract relating to the purchase of the sale of goods, the award of attorney fees is mandated by the statute. In support of this position, plaintiffs rely on a 1990 Oklahoma Supreme Court case in which the court awarded attorney fees under § 936 in an action on a contract relating to the sale of goods. Ellis v. Lebowitz, 799 P.2d 620 (Okla. 1990). However, in a more recent Oklahoma Supreme Court decision, the court held that "[e]xceptions to the American Rule are narrowly defined." Kay v. Venezuelan Sun Oil Co., 806 P.2d 648, 650 (Okla. 1991). In Kay, the court narrowly interpreted § 936 and held that it applies only to "actions for the collections of monetary consideration promised as payment for the receipt of property, labor or services." Id. at 651 n.12. The Tenth Circuit has since held that Oklahoma law "narrowly interprets all provisions of § 936" and that, with regard to a sales contract, § 936 will apply only when a party seeks to recover amounts owed to it for the purchase of goods. Specialty Beverages, L.L.C., 537 F.3d at 1184 (affirming denial of attorney fees where plaintiff "did not seek to recover amounts owed to it by [defendant] for the purchase or sale of [goods]"); see also N. Am. Specialty Ins. Co. v. Britt Paulk Ins. Agency Inc., 401 F. App'x 341, 344 (10th Cir. 2010)[2] (holding that § 936 did not allow award of fees where suit was for "breach of a contract for the performance of labor or services, not an attempt to recover sums promised as payment for labor or services rendered"); Eureka Water Co. v. Nestle Waters N. Am. Inc., No. CIV-07-988-M, 2011 WL 1113398, at *2 (W.D. Okla. Mar. 25, 2011) (denying award of attorney fees

---

[2] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

under § 936 where claim "did not . . . involve any debt defendant owed plaintiff under the terms" of the contract).

In the present case, plaintiffs claim that defendant breached a sales contract, and plaintiffs seek the return of their deposit and lost profits. Plaintiffs are not attempting to recover collection of monetary consideration that was promised to plaintiffs as payment for receipt of goods received by defendants. Thus, this case does not justify an award of attorney fees pursuant to the Tenth Circuit's interpretation of § 936 and Oklahoma law. See Specialty Beverages, L.L.C., 537 F.3d at 1184.

**IT IS THEREFORE ORDERED** that default judgment will be entered against all defendants and that damages in the amount of $537,970 shall be awarded to plaintiff Nasir.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Attorney Fees and Brief in Support (Dkt. # 25) is **denied**.

**DATED** this 28th day of June, 2012.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE